**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ALEX BUTRON**
**5336 Satterfield Dr.**
**Woodbridge, VA 22194**

**and**

**ERIC FUENTES,**
**4208 Wadsworth Ct.**
**Apt. 204**
**Annandale, VA 22003**

**individually and on behalf of all others similarly situated**

**Plaintiffs,**

**v.**

**INTER-CON SECURITY SYSTEMS INC.**
210 S DeLacey Avenue,
PASADENA, CA, 91105, USA

**Defendant**

Case No.

**Collective/Class Action Complaint**

Plaintiffs **ALEX BUTRON** and **ERIC FUENTES** ("Plaintiffs") through their attorneys, HKM Employment Attorneys, LLP, hereby alleges as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant **INTER-CON SECURITY SYSTEMS, INC.** ("Defendant"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and accompanying United States Dept. of Labor regulations, as well as the District of Columbia Minimum Wage Act, D.C. Code § 32-1001, *et seq*. ("DCMWA") the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-1301 et seq. ("the DCWPCL"), and supporting District of Columbia Department of Employment Services regulations (DCMWA, DCWPCL, and D.C. wage regulations collectively "D.C. Wage Laws").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim, pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, et seq.

3. Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

4. Defendant' annual revenue exceed $500,000, and Defendant employs more than two individuals; thus, the FLSA applies in this case on an enterprise basis.

5. Defendant's employees engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

6. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of Plaintiff's federal claims.

7. This Court has personal jurisdiction over Defendant because Defendant conducts business within the D.C., employs individuals within D.C., is registered the D.C. authorities to conduct business in D.C., and maintains its principal place of business in the D.C.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employs individuals in this district, conducts business in this district, and a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

9. At all relevant times, Plaintiff **ALEX BUTRON** was and is a resident of Virginia.

10. At all relevant times, Plaintiff **ERIC FUENTES** was and is a resident of Virginia.

11. At all relevant times, Defendant was and is a resident of California.

12. At all relevant times, Defendant was and is a US-based multinational security services company headquartered in Pasadena, California. Defendant is one of the largest private security companies in the world with over 15,000 employees across North America, South America and Africa.

13. At all relevant times, Defendant actively conducted business in the District of Columbia.

14. At all relevant times, Defendant was an "employer" of Plaintiff within the meaning of the D.C. Wage Laws and D.C. common law.

15. At all relevant times, Plaintiffs regularly worked in the District of Columbia on behalf of Defendant.

## FACTS

16. Plaintiffs worked for Defendant as an hourly, non-exempt employee at times during the past three years from the filing of this Complaint.

17. Defendant compensated Plaintiffs through the payment of an hourly rate.

18. Defendant paid its hourly employees at varying hourly rates.

19. Defendant's hourly employees typically worked five days each week and up to, and on occasion more than, forty (40) hours per week.

20. Defendant has access to the payroll records and timekeeping records for Plaintiffs and all other hourly employees who worked for Defendant in the past three years.

21. On one or more instances during Plaintiff's employment, Plaintiff worked over forty (40) hours in a given workweek.

22. Defendant maintains documents demonstrating the promised hourly wage for each hourly employee, including, but not limited to: offer letters, paystubs, timekeeping records, and/or other payroll records.

23. Plaintiffs carried out job duties and responsibilities for the benefit of Defendant.

24. Plaintiffs performed unpaid off-the-clock work for Defendant.

25. Defendant provided training to hourly employees on how to track their time, how to load and log into their timekeeping system programs at the beginning of the day and how to log out at the end of the day.

26. Defendant provided training to hourly employees on Defendant's policies.

27. All of the timekeeping training that Defendant provided to hourly employees was substantially the same.

28. Defendant imposed a timekeeping policy as to all hourly employees.

29. At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of Plaintiffs and all other hourly employees.

30. Plaintiffs and other similar situated employees would at times be required by Defendant to work multiple sites in a given workday.

31. Whenever Plaintiffs and other similar situated employees would be required by Defendant to work multiple sites in a given workday, Defendant would transport the employees from one jobsite to another.

32. Whenever Defendant transported Plaintiffs and other similar situated employees from one jobsite to another, the passenger-employees were not compensated for that travel time.

33. Whenever Defendant transported Plaintiffs and other similar situated employees from one jobsite to another, Defendant paid the driver for that travel time, but did not pay the passenger-employees for that travel time.

34. Whenever Defendant transported Plaintiffs and other similar situated employees from one jobsite to another, those employees were required by Defendant to clock out when they left the first jobsite, and then clock back in only after they arrived at the second jobsite that day.

35. Whenever Defendant transported Plaintiffs and other similar situated employees from one jobsite to another, those employees should have been compensated for that travel time.

36. For example, if Plaintiffs or any other similarly situated employees were required to work at jobsite A from 9AM to 1pm and then jobsite B from 3pm to 7pm, Defendant would require that the employees clock out at 1pm and clock back in at 3pm, and Defendant would not compensate the employees for the time Defendant transported the employees from jobsite A to jobsite B.

37. Defendant maintained schedule adherence and attendance metrics pursuant to which they monitored Plaintiffs' and other hourly employees' clock in times in relation to their start of shift time as well as their clock out times in relation to their end of shift time.

38. Defendant enforced these policies and procedures by evaluating Plaintiffs' and other hourly employees' clock in and clock out times on a daily basis, and at times disciplined Plaintiffs and other hourly employees based on their metrics.

39. As a result of the off-the-clock work described herein, Plaintiffs and other similarly situated employees were unlawfully deprived of compensation every day.

40. Defendant's timekeeping system was not created or maintained in good faith.

41. Before the filing of this Complaint, Defendant was aware of the off-the-clock issues that the timekeeping system and policies created.

42. Thus, the hours reflected on Plaintiffs' and similarly situated employees' paystubs are inaccurate representations of the hours they worked.

43. The true hours that Plaintiff and hourly employees worked must include the transportation time between jobsites in a given workday.

44. Damages in this matter can be easily calculated by reviewing the original times that Plaintiffs and similarly employees entered into the timekeeping system and adding any missing time spent traveling between two jobsites in any given workday.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of herself and on behalf of:

> *All current and former hourly employees who were not compensated for transportation time between two jobsites in a given workday by Defendant so that they were not paid for all time worked and who worked for Defendant at any time during the three years preceding*

*the date of an order from this Court granting conditional certification up through and including judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

46. Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and professional employees (including computer professionals and outside sales persons), and any salaried employees.

47. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

48. Consistent with Defendant's policies and practice, Plaintiff and the proposed FLSA Collective were not paid for all time worked in a workweek, including any time worked over forty (40) hours in a workweek when considering the uncompensated off-the-clock work discussed herein.

49. All of the work Plaintiff and the proposed FLSA Collective performed was assigned by Defendant, and/or Defendant was aware of all of the work the Plaintiff and the proposed FLSA Collective performed.

50. Defendant was aware, or should have been aware, that federal law required it to pay Plaintiff and the proposed FLSA Collective members for all hours worked and an overtime premium for all hours worked in excess of forty (40) per workweek.

51. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a. Willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, for all regular hours that they worked off-the-clock in non-overtime workweeks;

b. Willfully failing to pay its employees, including Plaintiff and the members of the FLSA Collective, for all premium overtime wages for hours that they worked off-the-clock in excess of forty (40) hours per workweek; and

c. Willfully failing to record all of the time that its employees, including Plaintiff and the members of the FLSA Collective, worked for the benefit of Defendant.

52. Defendant's conduct with regard to its timekeeping policy for hourly employees has been consistent during the past three year period from the filing of this Complaint.

53. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

54. The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every proposed FLSA Collective member, to wit: whether the FLSA Collective members are 1) required to work without compensation due to Defendant's policies and practices; and 2) entitled to their regular hourly wage, including a shift differential where applicable, in non-overtime workweeks and overtime for hours worked over forty (40) in a week.

55. Plaintiff estimates the FLSA Collective, including both current and former hourly employees over the relevant period, includes hundreds, if not thousands, of members. The precise number should be readily available from a review of Defendant's personnel and payroll records.

56. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled but has been unlawfully withheld from them by Defendant.

## RULE 23 CLASS ACTION ALLEGATIONS

57. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of Plaintiff and on behalf of:

> *All current and former hourly employees who were not compensated for transportation time between two jobsites, at least one of which was in D.C., in a given workday by Defendant so that they were not paid for all time worked and who worked for Defendant at any time during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 D.C. Class"). Plaintiff reserves the right to amend this definition if necessary.

58. The members of the Rule 23 D.C. Class are so numerous that joinder of all Rule 23 D.C. Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds, if not thousands, of Rule 23 D.C. Class members. Rule 23 D.C. Class members should

be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

59. There is a well-defined community of interests among Rule 23 D.C. Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 D.C. Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether the clock-in time that Rule 23 D.C. Class members entered into the timekeeping system for each shift was rounded in a manner depriving members of their pay;

b. Whether the clock-in and clock-out times that Rule 23 D.C. Class members inputted into the timekeeping system for their lunch break was rounded in a manner depriving members of their pay;

c. Whether the clock-out times that Rule 23 D.C. Class members inputted into the timekeeping system for each shift was rounded in a manner depriving members of their pay;

d. Whether the time that was rounded by Defendant's timekeeping policies was compensable;

e. Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 D.C. Class member regular wages or minimum wage for each non-overtime hour worked;

f. Whether Defendant engaged in a policy or practice of failing to pay each Rule 23 D.C. Class member overtime compensation for each overtime hour worked; and

g. Whether Defendant should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating D.C. laws applicable to the members of the Rule 23 D.C. Class.

60. Plaintiff's claims are typical of those of the Rule 23 D.C. Class in that she and all other Rule 23 D.C. Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 D.C. Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 D.C. Class members.

61. Plaintiff will fully and adequately protect the interests of the Rule 23 D.C. Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions.

62. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 D.C. Class.

63. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 D.C. Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

64. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll

systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

65. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co*., 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

66. Because Defendant has acted and refused to act on grounds that apply generally to the Rule 23 D.C. Class and declaratory relief is appropriate in this case with respect to the Rule 23 D.C. Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I

## FLSA COLLECTIVE ACTION VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY FOR ALL TIME WORKED AND FAILURE TO PAY OVERTIME FOR ALL TIME WORKED OVER FORTY HOURS IN A GIVEN WORK WEEK.

67. Plaintiff re-alleges and incorporates all other paragraphs herein.

68. At all times relevant to this action, Defendant was subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

69. At all times relevant to this action, Defendant was engaged in interstate commerce,

or in the production of goods for commerce, as defined by the FLSA

70. At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

71. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

72. Plaintiff and other FLSA Collective members, by virtue of their job duties and activities actually performed, were all non-exempt employees.

73. Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

74. The FLSA requires an employer to pay employees for all hours worked and the federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

75. The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

76. At all times relevant to this action, Defendant engaged in an unlawful policy and practice of requiring Plaintiff and all the proposed FLSA Collective members to perform work off the clock, every shift, and failed to pay these employees their regular hourly rate for all hours worked, and failed to pay the overtime premium for any time worked over forty (40) in a workweek, for all work performed.

77. The off-the-clock work performed every shift by Plaintiff and the proposed FLSA Collective was an essential part of their jobs and these activities and the time associated with these activities was significant.

78. In workweeks where Plaintiff and other FLSA Collective members worked forty (40) hours or more, or close enough to forty (40) hours to have worked over forty (40) hours when considering the uncompensated off-the-clock work time discussed herein, all of this overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly

wage, including a shift differential where applicable. 29 U.S.C. § 207. Further, all non-overtime off the clock work should have been paid at Plaintiff and the FLSA Collective's regular hourly rate.

79. As a result of Defendant's unlawful policies and practices, Plaintiff and the FLSA Collective members were deprived of both straight time and overtime wages in violation of the FLSA.

80. Defendant's violations of the FLSA were knowing and willful. Defendant could have easily accounted for and properly compensated Plaintiff and the proposed FLSA Collective members for all work activities, but did not.

81. As a result of the foregoing, Plaintiff was injured and seeks appropriate relief against Defendant including unpaid wages (including unpaid overtime), an additional equal amount in liquidated damages (double damages), reasonable attorneys' fees and costs, interest, and all other relief just and appropriate under the circumstances.

**COUNT II -**

**RULE 23 D.C. CLASS ACTION VIOLATIONS OF THE DCMWA - FAILURE TO PAY FOR ALL TIME WORKED AND FAILURE TO PAY OVERTIME FOR ALL TIME WORKED OVER FORTY HOURS IN A GIVEN WORK WEEK.**

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. At all times relevant to this action, Defendant was subject to the mandates of the DCMWA.

84. At all times relevant to this action, Plaintiff and the Rule 23 D.C. Class worked for and were "employees" of Defendant in D.C. and were therefore covered by the DCMWA.

85. At all times relevant to this action, Defendant was an employer covered by the DCMWA.

86. The DCMWA provide that employees are entitled to a minimum wage, as well as overtime at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours in one workweek.

87. At all times relevant to this action, Defendant engaged in an unlawful policy and practice of requiring Plaintiff and the Rule 23 D.C. Class members to work off-the-clock, every shift, and failed to pay these employees their regular rate of pay for all time worked and overtime compensation to which they were entitled under DCMWA, for all the work that they performed.

88. By failing to pay Plaintiff and members of the Rule 23 D.C. Class their regular rate of pay for all time worked and overtime compensation to which they were entitled for performing the off-the-clock work described herein, Defendant violated the DCMWA.

89. The DCMWA allows an employee who has not been paid for all hours worked to bring a civil action to recover damages and the employee's costs and reasonable attorney's fees.

90. The DCMWA allows an employee to recover liquidated damages in an amount equal to treble damages.

91. The DCMWA allow an employee who has not been paid overtime for all hours worked over forty hours in a given workweek to bring a civil action to recover damages and the employee's costs and reasonable attorney's fees.

92. The DCMWA require employers to maintain and preserve payroll records, including the amount paid each pay period to each employee, as well as the hours worked each day and each work week by the employee.

93. Defendant's uniform policy and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

94. As a result, the Rule 23 D.C. Class has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 D.C. Class is entitled to recover actual damages, treble liquidated damages, attorneys' fees plus costs, interest, and other appropriate relief under the DCMWA in an amount to be proven at trial.

**Count III - RULE 23 D.C. CLASS ACTION VIOLATIONS OF THE DCWPCL - FAILURE TO PAY FOR ALL TIME WORKED AND FAILURE TO PAY OVERTIME FOR ALL TIME WORKED OVER FORTY HOURS IN A GIVEN WORK WEEK.**

95. Plaintiff re-alleges and incorporates all previous paragraphs herein.

96. At all times relevant to this action, Defendant was subject to the mandates of the DCWPCL.

97. At all times relevant to this action, Plaintiff and the Rule 23 D.C. Class worked for and were "employees" of Defendant in D.C. and were therefore covered by the DCWPCL.

98. At all times relevant to this action, Defendant was an employer covered by the DCWPCL.

99. The DCWPCL provide that employees are entitled to their regular rate of pay for all time worked, as well as overtime at a rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours in one workweek.

100. At all times relevant to this action, Defendant engaged in an unlawful policy and practice of requiring Plaintiff and the Rule 23 D.C. Class members to work off-the-clock, every shift, and failed to pay these employees their regular rate of pay for all time worked and overtime compensation to which they were entitled under DCWPCL, for all the work that they performed.

101. By failing to pay Plaintiff and members of the Rule 23 D.C. Class their regular rate of pay for all time worked and overtime compensation to which they were entitled for performing the off-the-clock work described herein, Defendant violated the DCWPCL.

102. The DCWPCL allow an employee who has not been paid their regular rate of pay for all hours worked to bring a civil action to recover damages and the employee's costs and reasonable attorney's fees.

103. The DCWPCL allows an employee to recover liquidated damages in an amount equal to up to treble damages.

104. The DCWPCL allow an employee who has not been paid overtime for all hours worked over forty hours in a given workweek to bring a civil action to recover damages and the employee's costs and reasonable attorney's fees.

105. The DCWPCL require employers to maintain and preserve payroll records, including the amount paid each pay period to each employee, as well as the hours worked each day and each work week by the employee.

106. Defendant's uniform policy and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

107. As a result, the Rule 23 D.C. Class has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 D.C. Class is entitled to recover actual damages, treble liquidated damages, attorneys' fees plus costs, interest, and other appropriate relief under the DCWPCL in an amount to be proven at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

A. An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B. An Order certifying this action as a class action (for the Rule 23 D.C. Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's DCMWA state law claims

(Count II);

C. An Order certifying this action as a class action (for the Rule 23 D.C. Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's DCWPCL state law claims (Count III);

D. An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members and Rule 23 D.C. Class members, and authorizing Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

E. An Order designating the Plaintiff as representative of the FLSA Collective and the Rule 23 D.C. Class members, and undersigned counsel as Class counsel for the same;

F. An Order declaring Defendant violated the FLSA and the associated regulations;

G. An Order declaring Defendant's violations of the FLSA were willful;

H. An Order declaring Defendant violated D.C. law for failing to pay Plaintiff and the Rule 23 D.C. Class their regular rate of pay for all time worked and overtime compensation to which they were entitled;

I. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the FLSA Collective, and the Rule 23 D.C. Class the full amount of damages and penalty damages available by law, including but not necessarily limited to, actual damages and treble-liquidated damages;

J. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

K. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

L. An Order awarding such other and further relief as this Court deems appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of facts raised by this Complaint.

Dated: April 8, 2026

Respectfully submitted,

/s/ Gian Fanelli
Gian Fanelli, Esq. (DC Bar # 1020178)
HKM Employment Attorneys LLP
601 Pennsylvania Avenue NW, South Building, Suite 900
Washington, D.C. 20004
(202) 978-3272
gfanelli@hkm.com